UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
## DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk                                                                                   Reply to Northern Division Address

December 8, 2009

Michael Scardigno
275 Route 10 East
Suite 220-310
Succasunna, NJ 07876

      RE:    Scardigno v. Martek Biosciences Corp. et al
               Civil No. CCB-09-2716

Dear Mr. Scardigno:

      The Defendant(s), George P. Barker, Jules Blake, Peter L. Buzy, Thomas C. Fisher, Robert J. Flanagan, James Flatt, Ann L. Johnson, Jerome C. Keller, Henry Linsert, Jr, Douglas J. MacMaster, John H. Mahar, Martek Biosciences Corp., Sandra Panem, Richard J. Radmer and Eugene H. Rotberg, in this case have filed a dispositive motion which, if granted, could result in dismissal of your action or the entry of summary judgment against you.

      The motion and supporting papers sent to you by defendant(s) assert certain facts and matters to be true. Under the Federal Rules of Civil Procedure (Rule 12 or Rule 56, copies of which are attached to this letter), you are entitled to file, in opposition to this motion, any relevant materials, including affidavits or statements under oath or affirmation, or subject to the penalties of perjury, admitting, contradicting, or explaining the facts and matters asserted in the motion. Copies of all such materials filed in this Court must be sent by you to opposing counsel, and you should include a certificate of service to that effect in your response.

      If you do not file a timely and appropriate written response, or, if such response fails to show by affidavit or statement under penalties of perjury that there is a genuine dispute of material fact, summary judgment may be entered against you, or your case may be dismissed without further notice.

      This Court's Local Rule 105.2.a. provides 14 days in which to file oppositions to motions, and Rule 6(e) of the Federal Rules of Civil Procedure allows three (3) additional days after service by mail. Accordingly, you have 17 days from the date of this letter to file any relevant opposing materials. Please note that Local Rule 105.3 limits the length of memoranda.

                                                                Sincerely,

                                                                FELICIA C. CANNON, CLERK
                              By:                   /s/
                                             J Lewis, Deputy Clerk

Enclosures
cc:    Opposing Counsel
U.S. District Court (Rev. 2/2000)

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

(a) **TIME TO SERVE A RESPONSIVE PLEADING**.
(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer:(i) within 20 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States. (B) A party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or rossclaim.  (C) A party must serve a reply to an answer within 20 days after being served with an order to reply, unless the order specifies a different time. (2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.  (3) *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.  (4) *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action; or (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 10 days after the more definite statement is served.
(b) **HOW TO PRESENT DEFENSES**. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19.  A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.
(c) **MOTION FOR JUDGMENT ON THE PLEADINGS**. After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings.
(d) **RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS**. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.
(e) **MOTION FOR A MORE DEFINITE STATEMENT**. A party may move for a more definite statement of a pleading to which a responsive pleading must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.
(f) **MOTION TO STRIKE**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading. (g) JOINING MOTIONS. (1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule. (2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.
(h) **WAIVING AND PRESERVING CERTAIN DEFENSES**.
(1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course. (2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or
(C) at trial.  (3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.  (i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7) — whether made in a pleading or by motion — and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 56. Summary Judgment**
(a) **BY A CLAIMING PARTY**. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after: (1) 20 days have passed from commencement of the action; or (2) the opposing party serves a motion for summary judgment.
(b) **BY A DEFENDING PARTY**. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.
(c) **SERVING THE MOTION; PROCEEDINGS**. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
(d) **CASE NOT FULLY ADJUDICATED ON THE MOTION**.
(1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys.  It should then issue an order specifying what facts — including items of damages or other relief — are not genuinely at issue.  The facts so specified must be treated as established in the action.
(2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.
(e) **AFFIDAVITS; FURTHER TESTIMONY**.
(1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.
(f) **WHEN AFFIDAVITS ARE UNAVAILABLE**. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.
(g) **AFFIDAVIT SUBMITTED IN BAD FAITH**. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt. (As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007.)

**28 USC § 1746.  Unsworn declaration under penalty of perjury.**
Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1)  If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)   (2)  If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)
**[Added Oct. 18, 1976, Pub.L. 94-550, § 1(a), 90 Stat. 2534.]**