In The United States District Court
For The District of Maryland

|  |  |
|---|---|
| Michael Scardigno,<br>       Plaintiff<br><br>Vs.<br>Martek Biosciences Corp., et al.,<br>       Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No: 09-CV-02716 (CCB)<br>)<br>)<br>)<br>)<br>) |

Motion and Response in opposition to
Defendants' Motion to Dismiss

## 1. Introduction

Hogan & Hartson accepted service for the defendants they have consistently and aggressively claimed to be representing via certified mail with return receipt. In addition Hogan and Hartson's claim of failed service is in direct contradiction to their acceptance of service for the initial civil case CCB-09-2280 for which plaintiff Csabai served the resident agent but was denied, then served some of the plaintiff's directly via Federal Express after a Mark Gately e-mail making representations that Mr. Gately and Mr. Haiber at the Baltimore Hogan & Hartson office represent all the initial defendants on September 12, 2009. On September 15, 2009 Mr. Gately followed up with:

> "Mr.. Csabai:
>
> I sent you an e-mail on Saturday, September 12, 2009, advising you that Scott Haiber of this office and I represent Martek Bioscience Corp. in the lawsuit that you filed against Martek and a number of individuals. I specifically and clearly asked that all future correspondence from you relating to the lawsuit be directed to myself or to Mr.. Haiber. As you may or may not be aware, the proper method for Service of Process in a case filed in the United States District Court is governed by Rule 4 of the

Federal Rules of Civil Procedure. Sending a Summons and Complaint to a defendant by means of an overnight courier, such as Federal Express, does NOT constitute proper service of process on that defendant. Additionally, an attempt to serve process on individual defendants by sending a Summons and Complaint to the General Counsel of Martek for such individual defendants is an additional reason why your attempt at Service of Process on these five individuals is both inappropriate and invalid."

Mr. Gately accepted the Summons and Complaint for CCB-09-2280 via Federal Express in spite of their claim of that service being not proper Rule 4 and adhered to the 20 day response requirement. If Hogan & Hartson did not want to accept the Summons and Complaint for CCB-09-2623 then their office should not have signed, court has signed green return receipt, acceptance of the package for them especially in light of the fact that as practicing attorneys their office would have had ample prior knowledge of said complaints based on their access to the courts electronic records which would alert Hogan & Hartson of the case on 11/9/2009. Hogan and Hartson has established it's own precedent of accepting Summons & Complaints outside of Rule 4 and have themselves linked CCB-09-2716 to CCB-092280, in addition Hogan and Hartson has not returned the Summons and Complaints effectively taking possession of the courts notarized Summons and Complaints, and preventing Plaintiff from effecting proper filing. Plaintiff Scardigno's stand on the issue of service is that by Hogan and Hartson's actions they have voided any claim of ineffective service based on Rule 4. Defendants have been served and they have failed to respond within the 20 days of service resulting in a default judgement in favor of the Plaintiff.

**Additional Statement of Facts**

    A.    In addition to the consistent fraudulent material representations that were core to Martek's alleged commercial profile for years and are still being perpetrated by current management to cover up past frauds there is the growing issue of Hogan and Hartson's role relative to Martek's years of fraud. According to Hogan & Hartson's website, Baltimore office, H & H advised Martek for it's April 2003 secondary offering. That offering was earmarked for plant expansion based on Martek alleged major growth for product demand needs without disclosing Martek's true problem, Winchester Kentucky's plant with the Hexane pollution problem also the true flawed OmegaTech patents which were doomed to patent court hell from the point Martek bought OmegaTech in April 2002. That massive over build was then covered up 13 months, October 2006, after completion with a restructuring which mothballed and underutilized more that 50% of Martek's new total grand capacity. Hogan and Hartson's role in questionable Martek material failures continues with the FDA response letter dated September 8, 2004 sent to Hogan & Hartson which denied Martek's attempt to under mind their more commercially viable competition, fish oil, by having the FDA issue a mercury statement on fish and fish oil clearing the way for Martek's unproven and expensive algae DHA to fill the fish oil, mercury stigma, lost commercial void. Hogan & Hartson also defended Martek Biosciences based on the orchestrated April 27, 2005 hoarding conference call that buried Martek's disclosure responsibility of the U.S. formula market's channel stuffed wholesale and retail markets from 2002 through early 2005, resulted in a major drop in the stock value and a class action that missed all the real fraud only to settle for $6 million of which the attorneys walked off with about $4,200,000.00 and the investors received about $1,800,000.00 or about $0.19/share. The April 27, 2005 hoarding orchestration served two very important functions of cover up. There was the

issue of the hoarding being a defensive move by Mead Johnson and Ross, etc., because Bristol Myers, parent company of Mead Johnson back then, was in the process of settling a major, $800 million in fines and to an investor fund, channel stuffing charge by it's pharmaceutical division with the SEC and the states without admitting or denying guilt. The last problem Bristol Myers needed was to have Mead Johnson exposed to be committing the same illegal activity during just about the same period as their pharmaceutical division. The second issue that needed to be buried was insider knowledge that channel stuffing was taking place for years inflating Martek's commercial growth profile partly based on aggressive channel stuffing which was full filled by early 2005 for the U.S. formula market primarily by Martek's two most dominate customers/partners Mead Johnson and Ross. Martek had 4 customers providing 90% to 97% of their revenue but claimed to be ignorant of the composition of their business, in spite of consistently telling investors that Martek was selling considerable more abroad than they were in order to hide the U.S. channel stuffing, while they fraudulently pushed the super growth company profile and cashed in.
There were the 3 core fraudulent material situations that Hogan & Hartson was intimately involved with Martek Biosciences. According to Hogan & Hartson's Baltimore office website the Baltimore office has or is doing business with Bristol Myers as one of the few out of state clients, Bristol Myers is headquartered on Park Avenue New York, in spite of the fact that Hogan & Hartson has a New York office two blocks away from Bristol Myers. Based on how Hogan & Hartson has helped to secure Martek's/Mead Johnson's supply of DHA/ARA for formula the issue becomes was H & H representing Bristol Myers needs in the past or is the Baltimore office being rewarded now for those efforts for BMY now with the MJN spin off, about an $8 billion Mead Johnson spin off that started in February 2009

with Mead's IPO. There are many facts that point to collusion toward ensuring Bristol Myers' successfully ejecting Mead Johnson from the Bristol Myers corporate umbrella. There needs to be more discover regarding Hogan and Hartson's role in Martek's defrauding of its investors over the years which may result in Hogan & Hartson becoming defendants in this extensive and solid fraud case against Martek Biosciences and many of it's executives and board.

**Conclusion**

Hogan and Hartson has established it's own standard of acceptance of Summons and Complaints for the defendants in this case and is not entitled to manipulate the courts and plaintiffs based on their needs at any particular moment. They have already accepted service outside the standard of their claims in their motion and are not entitled to pick and choose which plaintiff's need to conform and which don't. Hogan and Hartson is the offending party by not responding to the complaint within the 20 days and should be subject to default judgment.

_/s/ Michael Scardigno_
Michael Scardigno
Michael Scardigno, 275 Route 10 East, Suite 220-310, Succasunna, NJ 07876

Certificate of Service

I hereby certify that on the 14th day of December, 2009. I caused true and correct copies of the forgoing Plaintiff's motion and response to Defendants Motion to Dismiss served by First Class Mail on defendants attorney's at the following address.

Mark D. Gately
Hogan & Hartson LLP
Harbor East
100 International Drive, Suite 2000
Baltimore, MD 21202

Michael Scardigno
275 Route 10 East, Suite 220-310
Succasunna, NJ 07876
(973)713-6606