## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

| | |
|---|---|
| MICHAEL A. SCARDIGNO,             ) | |
|             ) | |
|       Plaintiff,           ) | CIVIL ACTION NO. |
|             ) | |
|     v.             ) | 1:2009cv02716CCB |
|             ) | |
| MARTEK BIOSCIENCES CORP., et al.,   ) | |
|             ) | |
|       Defendants.        ) | |

## DEFENDANTS' MOTION TO ENFORCE ORDER AND
## DISMISS ACTION FOR LACK OF PROPER SERVICE OF PROCESS

Defendants respectfully move to enforce the Court's Order in this action dated January 12, 2010 (the "January 12 Order") [Dkt No. 17].  In the January 12 Order, the Court held that Plaintiff "failed to serve process in accordance with Federal Rules of Civil Procedure 4 on any of the defendants in this case."[1]  Nevertheless, because Plaintiff is proceeding *pro se*, the Court granted an additional thirty (30) days to properly effect service.  The January 12 Order clearly states, however, that "[i]f the plaintiff fails to properly effect service, this case ***will be dismissed without prejudice***."[2]  Because Plaintiff has failed to effect proper service on any defendant within 30 days of the Court's January 12 Order, dismissal now is appropriate.

To begin, Plaintiff has failed to properly serve any of the individual defendants.  Indeed, Plaintiff apparently has made no attempt at all to serve defendants Robert J. Flanagan, Ann L.

---

[1] Jan. 12 Order at 1.

[2] *Id.* (emphasis added)

Johnson, Douglas J. MacMaster, John H. Mahar, Sandra Panem, Eugene H. Rotberg, James Flatt, Richard J. Radmer, Thomas C. Fisher, Jerome C. Keller, George P. Barker or Jules Blake. Accordingly, dismissal of these defendants is both appropriate and consistent with the terms of the January 12 Order.

Plaintiff also has failed to effect valid service of process upon the three remaining defendants -- Martek itself and individual defendants Buzy and Linsert.  Both Rule 4 of the Federal Rules of Civil Procedure and Maryland Rule 2-121 require a plaintiff to serve upon a defendant both a copy of the operative complaint and a summons.[3]  Nevertheless, although Plaintiff mailed to Martek's registered agent and to Messrs. Buzy and Linsert a purported "complaint," the complaint mailed by Plaintiff is – unlike the true complaint on file with the Court – unsigned.[4]

Moreover, Plaintiff has not complied with the procedural requirements of Maryland law applicable to service by certified mail.  As this Court made clear in *Brown v. American Institute for Research*, 487 F. Supp. 2d 613, 616-17 (D. Md. 2007), a plaintiff who attempts service by mail under Rule 2-121 of the Maryland Rules will be held to the strict requirements of Maryland law.[5]  Here, however, Plaintiff has violated several requirements under Maryland law.  For example, although Maryland law requires a plaintiff to serve "the summons, complaint, and ***all***

---

[3]  *See* Fed. R. Civ. P. 4; *see also Ostler v. Utah*, 105 Fed. Appx. 232 (10th Cir. 2004) (where *pro se* plaintiff failed to serve correct complaint as required by Fed. R. Civ. P. 4, dismissal was appropriate); *Rockett v. Marten Transport, Ltd.*, No. 99 C 3957, 2000 WL 816785, at *2 (N.D. Ill. June 22, 2000) (good cause did not exist for extending time for service where, among plaintiffs' counsel's other mistakes, he "served an unsigned amended complaint upon defendant").

[4]  *Compare* Declaration of Andrea W. Trento ("Trento Decl."), Ex. A (complaint filed with the court) *with* Trento Decl. Exs. B, C and D (complaints served upon, respectively, defendants Martek, Buzy and Linsert).

[5]  *See also Maryland State Firemen's Assoc. v. Chaves*, 166 F.R.D. 353 (D. Md. 1996) (service ineffective under Rule 2-121 where plaintiff used first class, not certified mail.)

\\\BA - 061954/000089 - 278244 v1

*other papers* filed with it by certified mail,"[6] Plaintiff failed to serve upon defendants Martek,

Buzy and Linsert the civil cover sheet filed with Plaintiff's Complaint.[7]  Moreover, in violation

of the Maryland Rules, the return of service filed by Plaintiff does not contain a statement that

the party executing it is over 18 years of age.[8]  Although such defects might not invalidate

service accomplished under federal law, they prove fatal given Plaintiff's reliance upon state law

to effect service.[9]

Accordingly, for all of the reasons set forth herein, Defendants respectfully request that

the Court enforce the January 12 Order and dismiss Plaintiff' complaint as to all Defendants.

Dated:  February 24, 2010                          Respectfully submitted,


                                                    _____/s/_____
                                                    Mark D. Gately (Bar #00134)
                                                    Scott R. Haiber (Bar #25947)
                                                    Andrea W. Trento (Bar #28816)
                                                    HOGAN & HARTSON LLP
                                                    Harbor East
                                                    100 International Drive, Suite 2000
                                                    Baltimore, MD  21202
                                                    Phone:  (410) 659-2700
                                                    Facsimile: (410) 659-2701
                                                    E-mail: srhaiber@hhlaw.com

                                                    Attorneys for Defendants Martek
                                                    Biosciences Corporation, Henry Linsert, Jr.,
                                                    Richard J. Radmer, Thomas C. Fisher,
                                                    Jerome C. Keller, Peter L. Buzy, George P.
                                                    Barker, Jules Blake, Robert J. Flanagan,
                                                    Ann L. Johnson, Douglas J. MacMaster,

---

[6]  *See* Md. Rule 2-121(a) (emphasis added).

[7]  *See* Trento Decl. Exs. B, C and D.

[8]  Md. Rule 2-126.

[9]  *Cf. Brown*, 487 F. Supp. 2d at 617 (service ineffective for, among other reasons, plaintiff's failure to submit proper affidavit required by Rule 2-126); *but cf.* Maryland Rule 2-126(g).

\\\BA - 061954/000089 - 278244 v1

John H. Mahar, Sandra Panem, Eugene H.
Rotberg, and James Flatt

\\\BA - 061954/000089 - 278244 v1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 24th day of February, 2010, I caused true and correct copies of the foregoing Defendants' Motion to Enforce Order and Dismiss Action for Lack of Proper Service of Process, and the accompanying Declaration of Andrea W. Trento, to be filed electronically via the Court's electronic filing system, and served by First Class Mail on Plaintiff at the following address:

> Michael Scardigno
> 275 Route 10 East
> Suite 220-310
> Succasunna, NJ 07876

> _____/s/_____
> Scott R. Haiber (Bar #25947)
> HOGAN & HARTSON LLP
> Harbor East
> 100 International Drive, Suite 2000
> Baltimore, MD  21202
> Phone:  (410) 659-2700
> Facsimile: (410) 659-2701
> E-mail: srhaiber@hhlaw.com

\\\BA - 061954/000089 - 278244 v1